60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald Dale BIRDWELL, Plaintiff-Appellant,
v.
W. T. FLANAGAN, Detective Sergeant Badge # M-14; Mohave
County, Mohave County Board of Supervisors; Steve
Conn, Judge, and Gary Pope, Judge,
Defendants-Appellees.
 No. 95-15154.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Ronald Dale Birdwell appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging civil rights violations in connection with his narcotics convictions by Mohave County, Arizona; County Detective Sergeant W.T. Flanagan; the County Board of Supervisors; and County Superior Court Judges Steve Conn and Gary Pope.
 
 
 3
 We affirm the district court's dismissal of the claims against Judges Conn and Pope based on absolute judicial immunity. See Mireles v. Waco, 112 S.Ct. 286 (1991). To the extent that the First Amended Complaint alleges constitutional violations other than under the Fourth Amendment, we affirm the dismissal of such claims pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994).
 
 
 4
 We vacate, however, the district court's dismissal pursuant to Heck of the First Amended Complaint's allegations of an unreasonable search in violation of the Fourth Amendment. Because of doctrines like independent source, inevitable discovery, and harmless error, a successful section 1983 action alleging an unreasonable search would not necessarily imply the invalidity of Birdwell's convictions. Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (citing Heck at 2372-73 n.7). If the plaintiff alleges injury apart from his conviction and sentence, a section 1983 action alleging an unreasonable search can proceed, regardless of whether the underlying conviction has been invalidated. Id.
 
 
 5
 In light of Trimble, the district court erred in requiring Birdwell to demonstrate that his Fourth Amendment claim would not invalidate his conviction, and in dismissing the First Amended Complaint without leave to amend to show the requisite independent injury. We therefore vacate the dismissal of the Fourth Amendment claims, and we remand for further proceedings consistent with Trimble.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3