76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo NEVAREZ-LEYVA, Jr., Plaintiff-Appellant,
v.
B. FARRIS; B. Streeter; K. Gabaldon; T.D. Simpson; W.
Vaughn; R. Talbot, Defendants-Appellees.
 No. 95-16129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reynaldo Nevarez-Leyva, Jr., a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against California state prison officials. In his complaint, Nevarez-Leyva alleged that the defendants violated his due process rights because they placed him in administrative segregation and revoked 360 days of good time credit without holding a disciplinary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992), and we reverse and remand.
 
 
 3
 Nevarez-Leyva contends that the district court erred by finding that his claim was barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994). Nevarez-Leyva contends that Heck does not operate as a bar where a prisoner challenges the procedure which resulted in a violation of his due process rights. This contention has merit.
 
 
 4
 In Heck, the Court held that a prisoner's 42 U.S.C. § 1983 cause of action for damages attributable to unlawful imprisonment does not accrue until the sentence or fact of imprisonment has been invalidated. Heck, 114 S.Ct. at 2373; accord Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (applying Heck ). Thus, in order to recover damages for harm caused by actions the unlawfulness of which would render a sentence invalid, a plaintiff must first prove that the sentence has been invalidated. Heck, 114 S.Ct. 2372; Trimble, 49 F.3d at 585. In Heck, the Court reaffirmed the holding that, when a prisoner challenges the fact or duration of his or her confinement, the exclusive federal remedy is a writ of habeas corpus. Heck, 114 S.Ct. at 2369; accord Trimble, 49 F.3d at 586. Furthermore, the Court reaffirmed the holding in Wolff v. McDonnell, 418 U.S. 539, 553 (1974), that prisoners may challenge the procedures used by state prison officials to deprive prisoners of prison credit. Heck, 114 S.Ct. at 2370.
 
 
 5
 In his complaint, Nevarez-Leyva alleged that the prison officials violated his right to due process by failing to conduct a disciplinary hearing in violation of California statutes and regulations. Nevarez-Leyva further alleged that prison officials fabricated paperwork in order to give the appearance that there had been a hearing, when in fact no hearing was held. As a result of being found guilty of an assault and battery on another prisoner, prison officials assessed Nevarez-Leyva with a loss of 360 days of good time credit and placed him in administrative segregation.
 
 
 6
 Since the district court's decision in this case, this court decided Gotcher v. Wood, 66 F.3d 1097 (9th Cir.1995). In Gotcher, we held that an inmate's challenge to the procedure by which he was denied good time credits did not call into question the lawfulness of his continuing confinement and was not barred by Heck. Gotcher, 66 F.3d at 1099. Because Nevarez-Leyva's due process challenge to prison disciplinary procedures is not barred by Heck, his claim must be examined to determine if he had a liberty interest in remaining free from disciplinary segregation. See id. 1101 (applying Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Because the record before us is insufficient to make this determination, and because we will not affirm a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) unless it is clear that the plaintiff cannot prove any facts in support of his claim, we reverse the district court's dismissal of Nevarez-Leyva's due process claim, and remand for further proceedings. See id.[1]
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants' request for attorneys' fees pursuant to 42 U.S.C. § 1985 is denied