83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfonso Geraldo KEER, Petitioner-Appellant,
v.
R. HOGLAND; L.A. Sandoval, Correctional Officer,
Respondents-Appellees.
 No. 95-15452.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Alfonso Geraldo Keer appeals pro se the district court's judgments in his 42 U.S.C. § 1983 action. Keer contends the district court erred in granting summary judgment for defendant Hogland after determining that Keer was lawfully subjected to a prison lockdown. Keer also contends the district court abused its discretion by dismissing his claim against defendant Sandoval. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's summary judgment de novo. Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995). We review a district court's dismissal of a claim pursuant to 28 U.S.C. § 1915(d) for abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam).
 
 
 4
 Keer, who was born in Panama and whose primary language is Spanish, contends that because his prison ethnic classification is "other," he should not have been subjected to a nine-day emergency lockdown of all white, Hispanic and "other" Latin inmates.[1] Keer's skin color is black, but for the purposes of the lockdown Keer was considered Hispanic because of his country of origin. However, since prison inmate classifications are for prison administration and security purposes, Keer's challenge to the lockdown on the basis of his classification has no merit. See Hernandez v. Johnston, 833 F.2d 1316, 1317-18 (9th Cir.1987).[2] Accordingly, the district court did not err in granting summary judgment for defendant Hogland. See Hervey, 65 F.3d at 788.
 
 
 5
 Keer also contends that the district court abused its discretion by dismissing his claim against defendant Sandoval. We disagree. Keer claimed that Sandoval denied him access to a shower on two occasions during the lockdown. Showers were restricted as a condition of the lockdown, and Keer does not challenge the legality of the lockdown. Further, the denial of a shower on two occasions during a nine-day lockdown simply does not rise to the level of an Eighth Amendment violation. See Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir.1982). Thus, we find no abuse of discretion in the district court's dismissal. See Trimble, 49 F.3d at 584.[3]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Keer is classified as "other" pursuant to prison ethnic group codes; however, the code itself does not provide for a "Hispanic" classification
 
 
 [2]
 In his reply brief, Keer states that he does not challenge the legality of the lockdown on any other basis
 
 
 [3]
 To the extent Keer contends that the district court erred by failing to sua sponte enter default judgments against defendants, such contention lacks merit