87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Murray E. FIELDS, II, Plaintiff-Appellant,
v.
Cinthia MCKENZIE, Adult Probation Supervisor; Marla Denim;
Adult Probation Department, Maricopa County; Michael
Marble, Surveillance Officer; Edward Mansfields, Personnel
Supervisor; Glen Scott, Surveillance Officer; Arellie
Flores, Defendants-Appellees.
 No. 95-16896.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murray Eugene Fields, an Arizona state prisoner, appeals pro se the grant of summary judgment in favor of defendants in his action under 42 U.S.C. §§ 1983, 1985. Fields claims that employees of the Maricopa County Adult Probation Office violated the Eighth Amendment through their deliberate indifference to his mental illness while he was on probation. The district court concluded Fields had no right to medical care on probation and, alternatively, that Fields did not raise a genuine issue whether defendants were deliberately indifferent. Regarding the section 1985 claim, the court held that mental illness did not define a protected class and that Fields failed to offer evidence that defendants' conduct manifested a class-based animus. We have jurisdiction under 28 U.S.C. § 1291. Reviewing summary judgment de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), we affirm.
 
 
 3
 As he has done before, Fields raises the novel issue whether state officials owe a duty under the Eighth Amendment to provide medical care to criminal defendants on probation. Once again, we need not decide this question because probation department employees are immune from suit unless they violate clearly established law of which a reasonable person would have known. Bator v. Hawaii, 39 F.3d 1021, 1027 (9th Cir.1994). The obligation to provide medical care to criminal defendants outside prison remains ill-defined and defendants therefore are qualifiedly immune. Although Fields refers to a state court order allegedly requiring certain psychiatric care, he fails to offer sufficient evidence of this order to show a clearly established right under the Eighth Amendment. While the district court decided Fields's section 1983 claim on different grounds, we may affirm on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).[1]
 
 
 4
 To defeat summary judgment on his section 1985 claim, Fields was obligated to come forward with evidence sufficient to raise a genuine issue that defendants' actions were motivated by class-based animus. See, e.g., Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 767, 769 (9th Cir.1987) (discussing section 1985); Hopkins v. Andaya, 958 F.2d 881, 884-85 (9th Cir.1992) (discussing summary judgment). This he failed to do. On review of Fields's opposition to summary judgment, we find his evidence insufficient to create a genuine issue whether defendants acted with animus toward any class. Accordingly, summary judgment on this claim was proper. See Coverdell, 834 F.2d at 769-70 (summary judgment proper where plaintiff failed to offer evidence that defendant acted out of animus toward individuals with mental disabilities).[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Fields seeks release from confinement in addition to damages, his request for release should be regarded as dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995) (per curiam)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)