Raymond TRIMBLE, Plaintiff–Appellant,

v.

CITY OF SANTA ROSA, et al.,
Defendants–Appellees.

No. 94–15567.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 1995.*

Decided March 9, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument.   Fed.R.App.P. 34(a);  9th Cir.R. 34–4.

Raymond Trimble, Represa, pro se.

Clay J. Christianson, Senneff, Kelly, Kimelman & Beach, Santa Rosa, CA, for defendants-appellees.

Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.

PER CURIAM:

Raymond Trimble, a California state prisoner, appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal, without prejudice, of defendants City of Santa Rosa, Sonoma County, Sonoma County Public Defender's Office and three public defenders in his 42 U.S.C. § 1983 civil rights action. Trimble also appeals the district court's grant of summary judgment for defendant Roger Rude on Trimble's Fourth Amendment claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's dismissal pursuant to section 1915(d), *Denton v. Hernandez*, 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992), and we review de novo its grant of summary judgment, *Maffei v. Northern Ins. Co.*, 12 F.3d 892, 895 (9th Cir.1993). In reviewing decisions of the district court, we may affirm on any ground supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1945, 123 L.Ed.2d 651 (1993).

Trimble alleges that the defendants violated his constitutional and statutory rights during a criminal investigation and prosecution which resulted in his murder conviction. Specifically, Trimble alleges that his Fifth and Sixth Amendment rights were violated when the defendants (1) failed to give him a Miranda warning before photographing his hands and taking him on a search for his wife's body; and (2) allowed hearsay evidence and a videotape to be introduced at his trial. Trimble also alleges ineffective assistance of counsel in violation of the Sixth Amendment by the Sonoma County Public Defender's Office and three public defenders. Finally, Trimble alleges that his Fourth

Amendment rights were violated when he was arrested without probable cause and when a phone call to his aunt was taped without his consent. He further asserts various other claims of unreasonable search. He requests both injunctive relief and damages.

## I

### Merits

#### A. Claims for Damages

##### 1. Fifth and Sixth Amendment Claims

■ In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated. *Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

■ Because Trimble's Fifth and Sixth Amendment allegations necessarily imply the invalidity of his conviction and because he did not show that his conviction has been invalidated, Trimble's Fifth and Sixth Amendment claims have not accrued at this time. *See id.* Accordingly, we affirm the district court's order of dismissal of these claims without prejudice. The dismissal was required to be without prejudice so that Trimble may reassert his claims if he ever succeeds in invalidating his conviction.

##### 2. Fourth Amendment Claims

In *Heck*, the Supreme Court concluded that because of doctrines like independent source, inevitable discovery, and harmless error, a successful section 1983 action for an unreasonable search "would not *necessarily* imply that the plaintiff's conviction was unlawful." *Id.* at —— —— n. 7, 114 S.Ct. at 2372–73 n. 7. To bring an action for damages for unreasonable search prior to the invalidation of his conviction, Trimble must allege some "actual, compensable injury ... which ... does *not* encompass the 'injury' of being convicted and imprisoned." *Id.* at ——, 114 S.Ct. at 2373. Trimble failed to allege any injury other than his conviction and sentence. Ordinarily, therefore, Trimble's claims would have to be dismissed, with

an opportunity to amend in order to state, if he could, injury apart from that resulting from his conviction and sentence.

■ When a Fourth Amendment claim is clearly defective in a manner not curable by amendment, however, the district court may dispose of it on the merits in the interest of judicial economy. *Cf. Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987) (when claim is clearly without merit, federal court may dispose of habeas claim that has not been exhausted in state court). Here, the district court held that Trimble's Fourth Amendment claims were barred by the statute of limitations, and we affirm on that ground.

■ The statute of limitations for section 1983 actions is determined by state law. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir.1989), *cert. denied*, 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991). Section 1983 actions are characterized as personal injury actions for statute of limitations purposes. *Id.* In California, the statute of limitations for personal injury actions is one year. Cal.Civ.Proc.Code § 340(3); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir.1994).

■ State law also determines the application of tolling doctrines. *Hardin v. Straub*, 490 U.S. 536, 543–44, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582 (1989). In California, the statute of limitations for section 1983 actions is tolled by Cal.Gov't Code § 945.3 while criminal charges are pending. *See Harding*, 889 F.2d at 909. Under section 945.3, "criminal charges are 'pending' until the date of judgment." *McAlpine v. Superior Court*, 209 Cal.App.3d 1, 3, 257 Cal.Rptr. 32 (1989).

Trimble does not dispute that the alleged illegal search took place on June 27, 1989, he was convicted on October 30, 1990, he was sentenced on January 16, 1991, and he filed this action on May 18, 1993. Instead he contends that his case was still "pending" within the meaning of Cal.Gov't Code § 945.3 when he filed his complaint because he had filed a writ of habeas corpus with the California Supreme Court. This contention is without merit. Under section 945.3 charges are "pending" only until the date of judgment and conviction. *See id.*

Because Trimble filed his action over one year from the date of his conviction, the district court properly found the claim barred by the statute of limitations. *See Elliott*, 25 F.3d at 802. Accordingly, the district court's grant of summary judgment on Trimble's Fourth Amendment claims is affirmed.

B. Claim for Injunctive Relief

To the extent that Trimble is contending that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir.1984).[1] The district court did not elect to treat Trimble's complaint as a habeas corpus petition, but simply dismissed his non-Fourth Amendment claims for injunctive relief without prejudice, as defective section 1983 claims. We affirm this decision of the district court.

In cases where a prisoner's section 1983 complaint evinced a clear intention to state a habeas claim, we have said that the district court should treat the complaint as a habeas petition. *See e.g., Padilla v. Ackerman*, 460 F.2d 477, 478 (9th Cir.1972); *Bennett v. Allen*, 396 F.2d 788, 790 (9th Cir. 1968). When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition. The Supreme Court's decision in *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), makes clear that a prisoner is very likely to have only one opportunity to bring an effective habeas petition. If a prisoner's section 1983 complaint alleges only some of the grounds upon which the prisoner could seek habeas relief, and his section 1983 complaint is converted into a habeas petition and addressed on the merits, then *McCleskey's* rule against abuse of the writ may prevent the prisoner from ever having a federal court address his remaining habeas claims.

This danger is not present, of course, when a district court treats a section 1983 claim as a habeas petition and then dismisses it for lack of exhaustion of state remedies. A dismissal for failure to exhaust does not render a later petition an abuse of the writ under *McCleskey*. *See Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir.1993). But if the district court were to convert a section 1983 case into a habeas petition and dispose of it on the merits, the danger of addressing less than all of the prisoner's potential habeas claims is present. The simplest way to avoid this danger is to do as the district court did in this case: state that the prisoner's claims must be addressed in a habeas petition, and dismiss the 1983 claims without prejudice. For these reasons, we affirm the district court's dismissal, without prejudice, of Trimble's claims for injunctive relief.

**AFFIRMED.**

---

1. Trimble also contends that the defendants violated Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510–2520, by taping the phone call between Trimble and his aunt. The statute of limitations for civil recovery, however, is two years from the date the claimant "first has a reasonable opportunity to discover the violation." *See* 18 U.S.C. § 2520(e). Trimble had a reasonable opportunity to discover the taped conversation when it was admitted at his trial, which ended more than two years before he filed this suit, and thus, his claim for damages is barred by the statute of limitations. *See id.*