64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas G. HOUSLEY, Plaintiff-Appellant,
v.
Rodney HAGEMAN; Malcom Harris, Richard Stolitz, Anthony L.
White, William Maddox, Charles Lutz, and Mike
Salmonson, et al., Defendants-Appellees.
 No. 94-15421.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided Aug. 10, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Douglas G. Housley appeals pro se the district court's dismissal for failure to state a claim of his Bivens[1] action for damages against various federal law enforcement officials. Housley contends that officials unlawfully conspired to convict him and in the process interfered with his family relations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We construe the dismissal to be without prejudice and affirm.
 
 
 3
 A prisoner's civil rights claim for damages attributable to an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid does not accrue until his sentence or fact of imprisonment has been invalidated. Heck v. Humphrey, 114 S. Ct. 2364, 2373 (1994); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). Because Housley's allegations necessarily imply the invalidity of his narcotics conviction, and he has not shown that his conviction has been overturned, or otherwise invalidated, Housley has no damages claim at this time. See Heck 114 S. Ct. at 2373; Trimble 49 F.3d at 585. Accordingly, the district court properly dismissed this action as a matter of law. See Heck, 114 S. Ct. at 2372.
 
 
 4
 We also affirm the district court's dismissal of Housley's malicious prosecution claim and, to the extent that he pled it, the dismissal of the Federal Torts Claim Act claim. Consideration of those claims would involve making a premature determination on the validity of Housley's narcotics conviction. See Heck 114 S. Ct. at 2373; Trimble 49 F.3d at 585.
 
 
 5
 Housley may not bring another action for damages arising from these facts until he has shown that his conviction has been invalidated. Heck, 114 S. Ct. at 2373; Trimble, 49 F.3d at 585.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)