68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William W. ROCHE; Steven J. Henry, Plaintiffs-Appellants,
v.
TOWN OF DARBY; Martha Bethel, Defendants-Appellees.
 No. 94-35896.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William W. Roche and Steven J. Henry (the "plaintiffs") appeal pro se the district court's Fed. R. Civ. P. 12(b)(6) dismissal of their 42 U.S.C. Sec. 1983 civil rights action against the Town of Darby and Judge Martha Bethel. Plaintiffs alleged that Judge Bethel violated Henry's Sixth and Fourteenth Amendment rights by denying Henry the assistance of Roche, a non-attorney, in Henry's misdemeanor trial for driving under the influence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 "In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (citing Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).
 
 
 4
 Because Henry's Sixth and Fourteenth Amendment allegations necessarily imply the invalidity of his conviction and because Henry did not show that the conviction has been invalidated, Henry's Sixth and Fourteenth Amendment claims have not accrued at this time. See id. Ordinarily, we would vacate the district court's judgment and remand with instructions to dismiss the complaint without prejudice so that Henry may reassert his claims if he ever succeeds in invalidating his conviction. See id.
 
 
 5
 Nonetheless, we affirm the district court's dismissal because even if Henry's claims were not precluded as of matter of law, Judge Bethel is absolutely immune from liability, see Stump v. Sparkman, 435 U.S. 349, 362 (1978), and the Town of Darby cannot be sued under a theory of respondeat superior, see Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); accord Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992). For the same reasons, we also affirm the district court's dismissal of Roche's claims.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3