81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victorio C. RIVERA, Plaintiff-Appellant,
v.
Barbara ROBERTS, Chief Executive Officer; Theodore R.
Kulongoski, Attorney General of the State of Oregon; Robert
C. Cannon, Legal Counsel for Marion County; Dale Penn,
District Attorney and Chief Public Prosecutor, Defendants-Appellees.
Victorio C. RIVERA, Plaintiff-Appellant,
v.
M. Chapin MILBANK; David Wilson; Gary R. Tesch; Tony J.
Whisman; Stephanie L. Whisman, Defendants-Appellees.
 Nos. 94-36126, 95-35075.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Victorio C. Rivera appeals pro se the district court's two summary judgments dismissing his civil rights actions against the Governor of Oregon, Oregon state and local law enforcement officials and various private citizens. Rivera's complaints alleged that the named defendants unlawfully conspired to deprive him of his real property by discriminating against him on the basis of his race and national origin in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 In reviewing decisions of the district court, we may affirm on any ground supported by the record. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We review grants of summary judgment de novo. Weiser v. United States, 959 F.2d 146, 147 (9th Cir.1992).
 
 
 4
 The doctrine of res judicata, or claim preclusion, establishes that a final judgment on the merits of an action precludes parties from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Similarly, collateral estoppel, or issue preclusion, prevents the relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988). State court judgments are entitled to full faith and credit in federal courts for the purposes of claim and issue preclusion. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984).
 
 
 5
 In order to determine if successive lawsuits involve the same cause of action, we consider the following factors:
 
 
 6
 (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.
 
 
 7
 C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987) (citations and internal quotation omitted).
 
 
 8
 Here, Rivera has filed two prior actions in federal court and more than five actions in state court litigating the identical issues presented in these cases. In each instance, Rivera has challenged the conduct of state law enforcement officials for allowing foreclosure proceedings on two of his properties, and has alleged that various combinations of defendants have conspired to prevent him from regaining his property through "blacklisting" him from obtaining legal representations, malicious prosecution and unlawful arrest. In every proceeding, his claims have been dismissed.[1]
 
 
 9
 Rivera's claims against Roberts and other Oregon state and county officials were previously litigated in federal court in Rivera v. Roberts, No. 91-1100-PA (D.Or. Mar. 11, 1992), and Rivera v. Roberts, No. 93-6109-HO (D.Or. July 12, 1993). His claims against Wilson, Tesch, and the Whismans, as well as the issues underlying his claim against Milbank, were previously adjudicated in the state court case of Rivera v. Wilson, No. 94C-10861 (Or.Cir.Ct. July 6, 1994).
 
 
 10
 Because all of Rivera's claims arise out of the same transactional nucleus of facts as in cases previously adjudicated, his actions here are precluded by the doctrines of claim and issue preclusion. See C.D. Anderson & Co., 832 F.2d at 1100; Robi, 838 at 322.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Two state court judges issued orders enjoining Rivera from filing additional actions on these same issues in state court. The district court below also warned Rivera in dismissing his case against Milbank that the court would consider imposing sanctions against Rivera if he filed another similar lawsuit against these defendants on the same subject matter
 
 
 [2]
 Rivera's Motion to Deny Appellee Extension of Time and Motion to Acquire Transcript Order Form are denied as moot. We also deny Rivera's Motion to Compel Appellees to Issue an Order of Acquittal because we cannot determine how it is related to the issues on appeal