85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvaro RODRIGUEZ, Plaintiff-Appellant,
v.
COUNTY OF ALAMEDA; California Department of Highway Patrol;
George C. Hernandez, individually and in his capacity as
Judge of Alameda County; George Wood, individually and in
his capacity as a Deputy District Attorney of Alameda
County; Don L. Jones, individually and in his capacity as a
C.H.P. officer of the Department of California Highway
Patrol; Steven Ingram, individually and in his capacity as
C.H.P. officer of the California Highway Patrol; Debra
Wald, individually and in her capacity as a Public Defender
of Alameda County; Catherine Lundy, individually and in her
capacity as a Public Defender of Alameda County; Carol
Lowman, individually and in her capacity as a Court Reporter
of Alameda County; Michael D. O'Reilly, individually and in
his capacity as a Deputy Attorney General of the State of
California; Jesse J. Garcia, individually and in his
capacity as a private attorney of the State of California;
Donald B. Squires, individually and in his capacity as a
Judge of Alameda County; David Whitman, individually and in
his capacity as a Deputy District Attorney of Alameda
County; Lisa A. Pandolfo, individually and in her capacity
as Court Reporter of Alameda County; Gerald Lynn Ross,
individually and in his capacity as a court appointed
attorney of Alameda County; William McKinstry, individually
and in his capacity as a presiding Judge of the Appellate
Department of Alameda County; William R. McGuiness,
individually and in his capacity as a presiding Judge of the
Superior Court of Alameda County, Defendants-Appellees.
 No. 95-17267.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former California state prisoner Alvaro Rodriguez appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated during his 1991 arrest and subsequent state conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.
 
 
 3
 Rodriguez's complaint alleged that (1) police officers lacked probable cause for his arrest, (2) he was denied due process during his criminal proceedings, (3) the prosecutors were liable for malicious prosecution, and (4) there was a conspiracy and a coverup by his defense attorney and all the judges involved. Rodriguez sought compensatory and punitive damages.
 
 
 4
 In order to recover damages for an allegedly unconstitutional conviction caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable claim under section 1983. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence therefore does not accrue until the conviction or sentence has been invalidated. Id. at 2373; Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).
 
 
 5
 Rodriguez's claims for malicious prosecution and denial of due process are not cognizable because he has failed to demonstrate that his conviction has been invalidated or otherwise called into question. See id. Rodriguez's claim that his arrest was unlawful would require him to negate elements of the offense of which he was convicted. Heck, 114 S.Ct. at 2372 n. 6. Accordingly, the false arrest claim is also barred. We affirm the district court's dismissal of these claims, but vacate and remand so that the dismissal may be entered without prejudice.[1] This would allow Rodriguez to bring another in forma pauperis action should he demonstrate that his conviction has been overturned or otherwise invalidated.[2] See Heck, 114 S.Ct. at 2372. Each party shall bear its own costs on appeal.
 
 
 6
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly dismissed with prejudice Rodriguez's claims for damages against state judges Hernandez, Squires, McKinstry and McGuiness because judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages pursuant to 42 U.S.C. § 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Sparkman, 435 U.S. at 362. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. Id. at 356-57
 
 
 [2]
 Rodriguez states that he is still attacking his conviction through a concurrent federal habeas petition. Therefore, the district court did not err by failing to treat Rodriguez's action as a petition for a writ of habeas corpus. See Trimble at 586