98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
John IGNACIO; Donald I. Helling; Craig Farwell; Debra
Mann; Bennie McGuinness, Defendant-Appellee.
 No. 95-17071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Song, a Nevada state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's dismissal of a complaint as frivolous.[1] Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We affirm.
 
 
 3
 Song contends that the district court erred by dismissing his action because mandatory language in Nevada prison regulations creates a liberty interest in a prisoner's reclassification and transfer to another prison. This contention lacks merit.
 
 
 4
 We agree with the district court that a prisoner has no constitutional right to choose his place of confinement and that prisoners have no constitutional right to a hearing prior to a transfer. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Moreover, mandatory language in prison regulations no longer creates a liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). After a review of Song's complaint, we agree with the district court that Song failed to allege that his transfer back to a maximum security prison constituted an atypical deprivation sufficient to create a liberty interest. See id. Accordingly, the district court did not err by dismissing Song's action.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed under 28 U.S.C. § 1915(d). The former section 1915(d) was redesignated section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996). The portion of section 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal