116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith Michael TALTON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; J.C. Keeney; Sam Sublett; Tom
House, Deputy Warden; George Tichy; Michele Delany; Dean
Freesmeyer; Rick Williamson; James Branch; Gus Basurto;
John O'Rear; W. Soop; Michael Hackman, Defendants-Appellees.
 No. 95-17289.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No CV-94-00268-WDB; Jack E. Tanner, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner Keith Michael Talton appeals pro se the district court's summary judgment for defendant prison officials in Talton' § 42 U.S.C. § 1983 action. Talton alleged that prison officials violated his constitutional rights by using excessive force against him and by denying him due process during prison disciplinary hearings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We affirm in part, and reverse and remand in part.
 
 A. Excessive Force
 
 3
 Talton contends that Officer Basurto used excessive force when he slammed him to the floor after a pat down search. As a result, Talton sustained a laceration above his eye which required sutures.
 
 
 4
 In order to determine whether prison officials used excessive physical force in violation of the Eighth Amendment, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (internal citation omitted). To determine if the use of force was wanton and unnecessary, we must examine the necessity of the force, the relationship between the necessity and amount of force used, the threat reasonable perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. See id. at 7.
 
 
 5
 Here, Talton contends that the amount of force used was unnecessary because at the time of the take-down he was obeying orders to remain still. Talton alleges that Basurto's order not to move came after he had moved his hands down the wall and that once he was still, Officer Basurto continued shoving him and shouting "don't move". Talton claims that, without further provocation, Basurto put him in a choke hold and slammed him to the floor.
 
 
 6
 Officer Basurto claims that Talton moved toward him in defiance of his direct order to remain still and that he "placed" him on the floor due to Talton's sudden movement toward him and his previous combative behavior and proposal to fight.
 
 
 7
 A question exists as to whether the amount of force used was necessary and appropriate for the degree of threat perceived by Basurto, and it is unclear whether force was applied in a good faith effort to maintain or restore discipline. See id. Thus, summary judgment for defendant prison officials was inappropriate on Talton's excessive force claim. See Warren, 58 F.3d at 441.
 
 B. Due Process
 
 8
 Talton contends that prison officials violated his due process rights during a prison disciplinary hearing which resulted in the loss of good-time credits.
 
 
 9
 As a threshold matter, we must determine whether Talton's due process claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck precludes a section 1983 claim if "a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the sentence or conviction has previously been invalidated. See Edwards v. Balisok, No. 95-1352, 1997 WL 255341, at * 2 (U.S. May 19, 1997). Thus, we must determine whether the procedural defects Talton alleges would necessarily imply the invalidity of the deprivation of his good-time credits. See id. at * 3.
 
 
 10
 Here, Talton alleges defendants violated his due process rights by (1) excluding a video tape of the underlying incident, and (2) preventing him from being represented by the law clerk of his choice. Talton's claim regarding the exclusion of the video tape would, if established, necessarily imply the invalidity of the deprivation of his good-time credits. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974) ("inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). Thus, Talton's claim is barred by Heck. See Balisok, 1997 WL 255341, at * 3-4. Accordingly, we remand for the district court to dismiss this claim without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (claim must be dismissed without prejudice). Talton's second claim would not necessarily invalidate the deprivation of his good-time credits because he had no right to legal representation under Wolff. See Wolff, 418 U.S. at 570. Thus, Talton's claim regarding his representation at the disciplinary hearing is cognizable under section 1983, and the district court properly denied it. See Balisok, 1997 WL 244341, at * 4.
 
 
 11
 Talton next claims that prison officials should have held a hearing before imposing fourteen days loss of privileges as punishment for "Refusal to Obey a Direct Order." Because fourteen days loss of privileges is not an "atypical and significant hardship," Talton had no due process right mandating that prison officials conduct a hearing. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 C. Counsel
 
 12
 Finally, Talton contends that the district court erred by refusing to appoint counsel. This contention lacks merit because exceptional circumstances do not exist here. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. The parties shall bear their own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3