145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald Edward BEATY, Plaintiff-Appellant,
v.
Donald BERRY, CSO, Coordinator of Disciplinary,
ASPC-Florence; G. Mincy, Lt., Chairman of Discipline; C.
Lechner, CSO, # 5844, Hobby Craft/Supply Officer,
ASPC-Florence; Ernie Salazar; J.C. Keeney, Samuel Lewis,
Defendants-Appellees.
 
 No. 96-15525.
D.C. No. CV-93-00716-PGR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 Appeal from the United States District Court for the District of Arizona, Paul G. Rosenblatt, District Judge, Presiding.
 Before SCHROEDER, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Edward Beaty, an Arizona state prisoner sentenced to death, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31, F.3d 813, 815 (9th Cir.1994) (per curiam), and we may affirm on any ground supported by the record, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995).
 
 
 3
 Beaty contends that prison officials violated his right to due process in connection with his thirty-day suspension of privileges for misrepresention to prison officials about his possession of three Nintendo game cartridges. Beaty's contention fails because he was provided with the degree of process appropriate for the loss of privileges. See Wolff v. McDonnell, 418 U.S. 539, 571-72 n. 19, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (declining to suggest that the procedures required for the deprivation of good time credits would also be required for the imposition of lesser penalties such as the loss of privileges); cf. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir.1986) (concluding that for administrative segregation due process only requires that prison officials hold an informal nonadversary hearing, inform the prisoner of the charges, and allow the prisoner to present his or her views). Furthermore, because there was "some evidence" supporting the disciplinary sanction, Beaty was not deprived of due process. See Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 454-56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).[1]
 
 
 4
 Likewise, Beaty's contention that he was verbally harassed is not sufficient to state a constitutional deprivation. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir.1997). Beaty's claim that he suffered retaliation at the hands of prison officials, while cognizable under § 1983, is meritless because he has failed to present evidence sufficiently linking the exercise of a constitutional right and any alleged retaliation. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). Beaty's contention that the district court erred by dismissing defendant Samuel Lewis is without merit. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Beaty's remaining contentions also lack merit.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We assume without deciding that Beaty has a protected liberty interest in not losing his privileges. See Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (explaining that liberty interests are generally limited to freedom from restraint which imposes "atypical and significant" hardship in relation to the ordinary incidents of prison life)