Jack Louis THOMAS, a single man, Plaintiff—Appellant

v.

COLONIAL PENN INSURANCE COMPANY, a foreign corporation, Crawford & Company, a foreign corporation, Crosby & Sisson, Attorneys at Law, a law partnership, Rod R. Sisson, attorney at law, County of Maui, Defendant—Appellees.

No. 99–17404.

D.C. No. CV–98–00354–HG/BMK.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2001.

Decided Jan. 8, 2002.

---

1. The associate's approved hourly billing rate was $145, as compared to lead counsel's rate of $250.

687

Before DAVID R. THOMPSON, O'SCANNLAIN, and BERZON Circuit Judges.

## MEMORANDUM *

Thomas appeals from the district court's grant of County of Maui's motion to dismiss for failure to state a claim and grant of summary judgment for the remaining appellees. Thomas alleges that the County violated his right to privacy under the federal Constitution, Hawaii's constitution, principles of common law tort, and state statutes, but the district court ruled that his claims were barred by a two-year statute of limitation. The facts are known to the parties. They are not discussed here except as necessary.

The County urges that Hawaii's two-year statute of limitation for personal injury claims bars the action entirely. First, as against the County of Maui, Thomas brought a 42 U.S.C. § 1983 suit for violating his constitutional right to privacy. Hawaii imposes a two-year statute of limitations to personal injury claims, HAW. REV. STAT. § 657–7, which also applies to claims brought under § 1983. *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (state's personal injury statute of limitations applies to § 1983 claims); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (statute of limitations for § 1983 actions determined by state law). However, for § 1983 claims, federal law determines when a cause of action accrues. *Venegas v. Wagner,* 704 F.2d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1144, 1145 (9th Cir.1983) (per curiam). As for the remaining defendants, against which Thomas has no federal claims, state law determines when the cause of action accrues.

 Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury that is the basis of his action. *Alexopulos by Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir.1986). Under Hawaii law, a cause of action similarly accrues when plaintiff discovers or should have discovered the breach of duty, the injury, and the connection between the two. *Hays v. City and County of Honolulu*, 81 Hawai'i 391, 917 P.2d 718, 723 (Haw.1996). Thomas learned of the January 1994 meeting with Deputy Prosecutor Polak on May 1, 1996. Thus, he (barely) filed his complaints in both state and federal court within two years.

The issue, however, is whether the 1994 meeting constituted a new and distinct tort, which would start a new time period for filing a claim. Thomas asserts that it does. The County contends that there was no violation of privacy in the 1994 meeting because Deputy Prosecutor Polak did not disclose any information in addition to what the parties had already discussed in 1991. We agree.

The district court found that the 1994 meeting revealed no new information other than that which was disclosed in the 1991 meeting. Seen in that light, the two-year statute of limitation period ran from the initial May 1991 meeting with Deputy Prosecutor Polak when she shared information from the criminal police report. Therefore, Thomas's 1998 filings miss the time bar by five years.

AFFIRMED.