**Eric W. ZESSMAN, Plaintiff—Appellant,**

v.

**Robert ROGERS, Detective, et al., Defendants—Appellees.**

No. 02–16204.

D.C. No. CV–99–01693–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM**

Eric Zessman appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by searching his home and seizing property not particularly described in their search warrant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir.1996), and vacate and remand.

Because the property seized from Zessman's home could be used as evidence against him in his pending criminal prosecution, the district court properly concluded that Zessman's action was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000).

We vacate the district court's judgment, however, and remand with instructions to enter judgment without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.