Sebastian **ECCLESTON**, Plaintiff—Appellant,

v.

State of **OREGON**, by and through the **OREGON DEPARTMENT OF CORRECTIONS**; et al., Defendants—Appellees.

No. 04–36122.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 21, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sebastian Eccleston, Las Cruces, NM, pro se.

Kathryn A. Cottrell, Salem, OR, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Sebastian Eccleston appeals pro se from the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that Oregon prison officials violated his 8th and 14th Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.1997), and may affirm on any ground supported by the record, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We affirm.

■ The district court properly granted summary judgment on Eccleston's proce-

dural due process claims arising from his placement in administrative segregation because he had no liberty interest in remaining free from such placement. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

■ The district court properly granted summary judgment on Eccleston's claim that prison officials were deliberately indifferent to his safety when they used a chemical agent to extract him from his cell because Eccleston did not establish that he had a respiratory condition, *see Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), or that he suffered harm, *see Morgan v. MacDonald*, 41 F.3d 1291, 1293–94 (9th Cir.1994).

■ The district court properly granted summary judgment on Eccleston's claim that the use of a chemical agent during his cell extraction constituted cruel and unusual punishment because the evidence submitted established that the chemical agent was only used after Eccleston repeatedly did not follow orders to leave his cell. *See Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) (indicating that force does not amount to a constitutional violation if it is applied in a good faith effort to restore discipline and order, and not maliciously and sadistically for the very purpose of causing harm). Furthermore, depriving Eccleston and his fellow prisoners of their belongings for three days after the cell extractions, in order to search them for contraband and to restore order after the cell bock disturbance, did not constitute use of excessive force. *See id.*

The district court properly granted summary judgment on Eccleston's claim that the daily living conditions in his administrative segregation unit violated the

Eighth Amendment because the evidence submitted established that the conditions were, at most, uncomfortable. *See Keenan v. Hall*, 83 F.3d 1083, 1089–92 (9th Cir. 1996).

The district court properly granted summary judgment on Eccleston's access to courts claim because the evidence established that the writ of habeas corpus he gave to prison officials to mail was timely received and filed by the appropriate court. *See Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (indicating that "actual injury" to pending or existing litigation must be shown to maintain an access to the courts claim).

All remaining contentions are unpersuasive.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.