**James Terrial JONES, Plaintiff— Appellant,**

v.

**CITY OF ANAHEIM; et al., Defendants—Appellees.**

No. 05–55752.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 18, 2007.

Bernadine T. Tsung–Megason, Esq., Pasadena, CA, for Plaintiff–Appellant.

Moses W. Johnson, IV, Esq., Anaheim City Attorney's Office, Anaheim, CA, for Defendants–Appellees.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY **, Senior Judge.

### MEMORANDUM ***

James Terrial Jones appeals the district court's order granting defendants' motion for summary judgment on Jones' civil rights and related state law claims. We review the grant of summary judgment *de novo*. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 584 (9th Cir.1995). We affirm.

Before filing his § 1983 claim, Jones was charged with resisting arrest under California Penal Code § 148(a)(1) by Officer Mendoza and by Officer Flanagan; he was convicted only of resisting arrest by Flanagan. That conviction included the finding that Flanagan did not use excessive force. *Cf. Smith v. City of Hemet,* 394 F.3d 689, 699 n. 5 (2005).

The district court analyzed the officers' conduct as a whole. It held that a judgment against Mendoza for using excessive force would mean that Flanagan also used excessive force, necessarily implying the invalidity of Jones' conviction and therefore violating *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

However, under § 148(e) "[a] person may be convicted of multiple violations of [§ 148(a)(1) ] if more than one public officer, peace officer, or emergency medical technician are victims." Thus, Jones' interaction with each officer was analyzed

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

separately by the California jury. A judgment against Mendoza for using excessive force therefore would not necessarily imply the invalidity of the jury's determination that Flanagan did not use excessive force. Jones' suit is not barred by *Heck.*

Jones resisted arrest by Flanagan, Mendoza's fellow officer. Under those circumstances, there is no genuine issue on this record that Mendoza used more than "the force a reasonable and prudent law enforcement officer would use." *See Monroe v. City of Phoenix,* 248 F.3d 851, 859 (9th Cir.2001). Jones' suit against the remaining defendants relied on Mendoza's alleged wrongdoing. Summary judgment was appropriate for all defendants.

**AFFIRMED.**