**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS EUGENE MOORE, | No. 08-17005 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-02755-FCD-EFB |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Thomas Eugene Moore, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28

U.S.C. § 1915A for failure to state a claim.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000),

and may affirm on any ground supported by the record, *O'Guinn v. Lovelock Corr.

Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).  We affirm.

Moore does not challenge the dismissal under *Heck v. Humphrey*, 512 U.S.

477 (1994), of his claims related to the alleged destruction of evidence in his

criminal case, thus we deem these claims abandoned.  *See Knevelbaard Dairies v.

Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).

We affirm the dismissal of the claims in the First Amended Complaint

concerning alleged events at High Desert State Prison and the alleged public

disclosure of Moore's medical records, because it is clear from the face of the

complaint and Moore's concession on appeal that he did not exhaust his

administrative remedies prior to filing this lawsuit.  *See Lira v. Herrera*, 427 F.3d

1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without

prejudice when there is no *presuit* exhaustion, even if there is exhaustion while suit

is pending." (internal quotation marks and citation omitted)); *Wyatt v. Terhune*,

315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is

a valid ground for dismissal . . . .").

We construe the judgment as a dismissal without prejudice.  *See Trimble v.

City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (stating that

dismissals under *Heck* are without prejudice); *Wyatt*, 315 F.3d at 1120 (stating that dismissals for failure to exhaust administrative remedies are without prejudice).

**AFFIRMED.**