**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN J. RUIZ, | No. 10-15479 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02968-MHP |
| v. | |
| MATTHEW CATE, Director CDCR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Ruben J. Ruiz appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First, Eighth, and

Fourteenth Amendment violations in connection with defendants' refusal to release

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

him from the Security Housing Unit ("SHU") as an inactive gang affiliate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We affirm.

Dismissal of Ruiz's procedural due process claims was proper because, to the extent that he demonstrated a liberty interest in avoiding continued SHU confinement, Ruiz received all of the process to which he was due. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison gang validation decisions need only be supported by "some evidence," and California's policy of assigning suspected gang affiliates to the SHU is not a disciplinary measure but rather a largely discretionary administrative strategy to promote order and safety); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (while some sort of periodic review of an inmate's segregated confinement is necessary, this review does not require the submission of additional evidence or statements).

Dismissal of Ruiz's substantive due process claim was proper because Ruiz's segregation from other prisoners, and the prison's definition of an active gang member, were rationally related to prison safety. *See Richardson v. City &*

*Cnty. of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (a state action that neither utilizes suspect classifications nor implicates fundamental rights will violate substantive due process rights only where it is shown that the action is not "rationally related to a legitimate governmental purpose").

The district court properly dismissed Ruiz's First Amendment claims because the prison's reliance on evidence that he associated with a gang member was reasonably related to legitimate penological interests. *See Stefanow v. McFadden*, 103 F.3d 1466, 1472 (9th Cir. 1996) (prison actions affecting First Amendment rights are permissible when reasonably related to legitimate interest of prison security); *see also Bruce*, 351 F.3d at 1289 ("It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity.").

The district court properly dismissed Ruiz's Eighth Amendment claim that his SHU sentence was disproportionate to his conduct because "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995).

Ruiz's remaining contentions are unpersuasive.

**AFFIRMED.**