**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KANAY MUBITA, | No. 11-35273 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00549-BLW |
| v. | |
| DANIEL WEAVER, Moscow Police Department Chief; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 17, 2012
San Francisco, California

Before: GOODWIN, REINHARDT, and MURGUIA, Circuit Judges.

Kanay Mubita appeals from the district court's dismissal with prejudice of his

informational privacy, due process, and Fourth Amendment claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm in part and vacate and remand in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court held that Mubita's informational privacy claim was barred by the statute of limitations and that it would otherwise fail on the merits. We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and therefore decline to express any view as to whether Mubita's claim is barred by the statute of limitations. We hold only that the claim fails on the merits.

Mubita concedes that the police could lawfully have issued a press release stating simply that he had been arrested for a violation of Idaho Code § 39-608. Indeed, that concession is dictated by *Paul v. Davis*, 424 U.S. 693, 713 (1976). The only question is whether Mubita had a privacy interest in any information that the press release disclosed other than the basic fact of his arrest. We hold that he did not.

Mubita argues that the press release disclosed two pieces of information beyond the fact of his arrest. First, it referred to "his HIV status," implying that he actually had HIV, not just that he had been arrested for transmitting bodily fluids that might contain HIV. This is a distinction without a difference. Under *Paul*, there is no constitutionally relevant distinction between a public statement that someone was arrested for a crime and a public statement that the person committed the crime.[1]

---

[1] Davis "had been charged with shoplifting but his guilt or innocence of that offense had never been resolved," and the charge was ultimately dismissed. 424 U.S. at 696. Flyers distributed by the defendants nonetheless identified Davis and others as "ACTIVE SHOPLIFTERS." *Id.* at 695.

Moreover, Mubita's HIV status is obvious from the nature of the crime with which he was charged. Mubita has not explained how anyone could be convicted for a violation of § 39-608 if he were not HIV-positive.

Second, Mubita contends that the press release disclosed private information about his past sexual activity. He cites the following sentence in the release: "Further investigation revealed that Mubita may have had multiple sexual partners during the last three years." The flaw in Mubita's argument is that the police learned this information, during the course of their investigation, from people other than Mubita himself. The information was therefore not private to him at all. Just as nothing would have prevented Mubita's sexual partners from holding a news conference to discuss their intimate relationships with him, nothing prevented them from speaking freely to the police. Mubita offers no authority to rebut the proposition that the police generally may publicize material information that they learn in the course of a criminal investigation.

Even if Mubita did have a privacy interest in any of the information disclosed by the press release, that interest was outweighed by the state's public-safety concern. "The government may seek and use information covered by the right to privacy if it can show that its use of the information would advance a legitimate state interest and that its actions are narrowly tailored to meet the legitimate interest." *Doe v. Att'y Gen.*

*of the U.S.*, 941 F.2d 780, 796 (9th Cir. 1991), *overruled on other grounds by Lane v. Pena*, 518 U.S. 187 (1996). "[P]ublic health and safety requirements" are "long established exceptions to the confidentiality of medical communications," *Seaton v. Mayberg*, 610 F.3d 530, 540 (9th Cir. 2010), and the document that Mubita signed when he began receiving health services expressly provided that his private information could be released in the event of "a clear and immediate danger to [himself] or others." The police obviously had a strong, legitimate interest in protecting public safety by informing Mubita's sexual partners of his HIV status, both to encourage them to seek treatment and to prevent further transmission of the virus.

Mubita argues that the press release was not narrowly tailored to this public-safety objective because the police could have announced only the fact of his arrest and urged anyone who knew him to contact the authorities. We disagree. The reason the press release attracted heavy attention, and thus enabled the police to learn of a dozen additional women to whom Mubita might have transmitted HIV, is precisely that it did disclose the nature of the threat to the public that he posed. We therefore affirm the district court's dismissal of Mubita's informational privacy claim.

As the defendants concede, however, the district court erred in dismissing Mubita's Fourth Amendment and due process claims with prejudice. The district court had previously held that these claims were barred by the doctrine of *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and Mubita does not challenge this determination. We have held that the dismissal of *Heck*-barred claims must "be without prejudice so that [the plaintiff] may reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Mubita's federal habeas petition remains pending in the district court, which has stayed the proceedings pending the resolution of Mubita's state collateral challenge to his convictions. The dismissal of Mubita's *Heck*-barred claims with prejudice would prevent him from reasserting the claims even if he were to prevail in one of the collateral proceedings. We therefore vacate the district court's dismissal with prejudice of Mubita's Fourth Amendment and due process claims and remand so that the district court may dismiss these claims without prejudice.

Each party shall bear its own costs on this appeal.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**