**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 1, 2013[*]
Decided October 23, 2013

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 13-1154 | Appeal from the United States District Court for the Western District of Wisconsin. |
| JOHNATHAN L. FRANKLIN, *Plaintiff-Appellant,* | |
| *v.* | No. 12-cv-779-bbc Barbara B. Crabb, *Judge*. |
| JOHN R. BURR, *et al.,* *Defendants-Appellees.* | |

**Order**

Johnathan Franklin, who is serving sentences for felony murder and aggravated battery, contends in this suit under 42 U.S.C. §1983 that police and a state prosecutor violated his privilege against self-incrimination when they interrogated him after he requested counsel. The district court screened the complaint, see 28 U.S.C. §1915A, and dismissed it under the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). See 2013 U.S.

---

[*] Defendants have not been served with process and are not participating in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Dist. LEXIS 2575 (W.D. Wis. Jan. 8, 2013). In response to a motion for reconsideration, the judge stated that, if *Heck* allows the suit, then the complaint must be dismissed as untimely. We agree with the second of those conclusions.

In the state prosecution, Franklin moved to suppress his statement. After the state judge denied his motion, Franklin pleaded guilty. The statements were made in 1996 and the pleas entered in 1997. The time limit for §1983 litigation in Wisconsin is six years, see *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989), so the current suit, filed in 2012, is untimely unless *Heck* applies—and, if *Heck* does apply, then the suit is premature. Franklin loses either way, but the appeal is justiciable because, if he loses on *Heck* grounds, he retains the potential to make a new claim should his convictions be vacated.

*Heck* holds that a person who seeks damages on account of supposedly unconstitutional acts that lead to imprisonment must—if the theory of relief would imply the invalidity of the conviction—show that the conviction has been set aside by a court or by executive clemency. As long as the conviction stands, no damages action that would be incompatible with the conviction's validity is permissible. The Court added that the claim does not accrue until the conviction has been vacated, which means that the statute of limitations does not begin to run until then. 512 U.S. at 489–90.

The district court thought that Franklin's claim that interrogation occurred without counsel, if accepted, would be incompatible with the validity of the convictions. Yet the convictions rest on Franklin's guilty plea, not on the admissibility of any particular evidence. *Wallace v. Kato*, 549 U.S. 384 (2007), holds that a claim contending that arresting officers violated the Fourth Amendment accrues at the time of the arrest, not when a conviction is set aside, because the remedy of suppression under the exclusionary rule does not necessarily prevent a valid conviction. Moreover, a motion to suppress evidence may be denied even when a violation of the Constitution occurred; the exclusionary rule is not coterminous with the substance of the Bill of Rights. That is equally true of a contention that a confession is invalid. See *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996) (coerced-confession claim not barred by *Heck*). There is no necessary inconsistency between the propositions that (a) a conviction based on a guilty plea is valid, and (b) the police violated the accused's rights at the time of arrest or interrogation. One court of appeals held otherwise in *Trimble v. Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995), but that decision predates *Wallace* and cannot be considered authoritative.

Given *Wallace*, Franklin's claim is not barred by *Heck*—which means that the claim accrued in 1996 and that this suit is untimely. The judgment of the district court is affirmed.