122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene HAMILTON, Plaintiff-Appellant,
v.
S.M. SANDOR; Whitley; S. Borrego; Sheppard, Counselor,
Defendants-Appellees,
and
S.K. Wentz; Charles D. Marshall, Warden, Defendants.
 No. 96-16330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of California Maxine M. Chesney, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eugene Hamilton, a California state prisoner, appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)[1] and summary judgment in favor of defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal of claims as frivolous for abuse of discretion. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We review de novo a district court's grant of summary judgment. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 We agree with the district court that Hamilton failed to state cognizable claims in his complaint regarding defendants Whitley, Borrego, and Sheppard. See Denton v. Hernandez, 504 U.S. 25, 31-32 (1992). Hamilton also failed to state a cognizable Eighth Amendment claim regarding defendant Sandor. See id. The district court did not abuse its discretion by refusing to exercise jurisdiction over Hamilton's state assault claim because the district court had properly dismissed the related Eighth Amendment claim. See 28 U.S.C. § 1367(c).
 
 
 4
 We conclude that the district court did nor err by denying Hamilton's motions for discovery prior to summary judgment. See Qualls v. Blue Cross of Cal., 22 F.3d 839, 844 (9th Cir.1994). Finally, we reject Hamilton's contention that the district court made improper credibility determinations by granting summary judgment in favor of defendant Sandor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Hamilton's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 28 U.S.C. § 1915(d) was redesignated as section 1915(e)(2) by the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal