125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick D. BENNETT, Plaintiff-Appellant,
v.
Steven CAMBRA, Jr.; J. Edwards, Warden; A. Lopez; T.
Jenkins; McGee, Correctional Counsel; Cox, Counselor;
Lara, CCI; James, Sgt.; Beuchner, Sgt.; J. Moody; Wise,
Lieutenant; J. Gomez, Defendant-Appellees.
 No. 97-15367.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997
 
 Appeal from the United States District Court for the Northern District of California; No. CV-02062-VRW; Vaughn R. Walker, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederick D. Bennett, a prisoner at Pelican Bay State Prison, appeals pro se the district court's dismissal, pursuant to 28 U.S.C. § 1915A, of his illegal imprisonment claim, and the district court's summary judgment for appellees on his excessive force claim, in Bennett's civil rights action pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The exclusive federal remedy for a prisoner seeking release from prison is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent Bennett's complaint seeks release from prison, the district court properly dismissed it without prejudice to filing a writ of habeas corpus after exhausting state judicial remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995) (per curiam).
 
 
 4
 In order to recover damages for wrongful imprisonment, a prisoner must first establish that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or undermined by a federal writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). To the extent Bennett's complaint seeks damages for wrongful imprisonment, the district court properly dismissed it without prejudice to refiling after the term of imprisonment is invalidated. See id.
 
 
 5
 We review de novo the grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 6
 Whether prison officials used excessive force in violation of the Eighth Amendment turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Here, it is undisputed that Bennett refused to relinquish a food tray from his cell in violation of prison rules.[1] It is further undisputed that over the course of several hours, Bennett was repeatedly encouraged to return the tray. Ultimately he was warned that noncompliance could result in a cell extraction involving physical force, including pepper spray.[2] Prison officials presented probative evidence that they used pepper spray in a good faith effort to maintain discipline and only in the amount necessary under the circumstances. Bennett, on the other hand, produced no competent evidence that officials acted maliciously or sadistically. See id.
 
 
 7
 Accordingly, the district court properly granted summary judgment for prison officials. See Bagdadi, 84 F.3d at 1197.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bennett claimed he would return the tray only when prison officials presented him with an order authorizing his continued confinement
 
 
 [2]
 Prison officials claimed that continued possession of a food tray interfered with institutional safety and security because the tray could be converted into a weapon, shield or other contraband