127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward A. FINNEY, Plaintiff-Appellant,
v.
Richard SCHOEFFEL; Sergeant Rodgers, Correctional Officer;
David Smith, Correctional Officer; Otto,
Correctional Officer; Demmons,
Correctional Officer,
Defendants-Appellees.
 No. 96-35862.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward A. Finney, an Alaska state prisoner, appeals pro se the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal of a complaint as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we reverse and remand for further proceedings.[1]
 
 
 3
 A complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). To establish a violation of the Eighth Amendment, a prisoner must meet both an objective and subjective requirement. See Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1995). Allegations that prison officials denied or delayed treatment for serious medical needs are sufficient to establish a non-frivolous claim of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir.1992).
 
 
 4
 Here, Finney alleged that, after he collapsed in the hallway following an eight-day hunger strike while on his way to obtain medical treatment, prison officials pulled him up from the floor, dropped him into a laundry cart, took him to a prison cell, and refused him any medical treatment for eighteen days. According to the allegations of Finney's complaint, prison officials delayed or denied him medical treatment both for the effects of his hunger strike and for the injuries from being dropped into the laundry cart. Thus, the district court erred by dismissing Finney's complaint as frivolous. See id.[2] Accordingly, we reverse the district court's dismissal and remand for further proceedings.
 
 
 5
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court appears to have dismissed the complaint under 28 U.S.C. § 1915(d). The former § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996) ("PLRA"). The portion of § 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 Finney's allegations also state a non-frivolous claim that prison officials used excessive force in violation of the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)