133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy BRANDON, Plaintiff-Appellant,
v.
Steven L. JORGENSON; Willie Watkins, Grievance Investigator
OSP; S.F. Thompson, Superintendent OSP; John Foote,
Inspector General State of Oregon and Acting Director of
Corrections, or; Ron Frost; David Cortez; Brian Dragger,
Ex-electrician at OSP; Don Neal, Supervisor at OSP; Frank
Hall, Ex-Director of Corrections; Jim Muranaka, Assistant
Superintendent OSP; Dale Zehner, Physical Plant Manager at
OSP; Mitch Morrow, Assistant Superintendent Program
Services at OSP; Donald W. Ryan; Hal Elkins; Al Chandler,
Assistant Director of Corrections, or; John Kitzhaber,
Governor, State of Oregon; Ted Kulongowski, Attorney
General, Oregon; Sheila Reed, Carolyn Schnoor, Defendants-Appellees.
 No. 97-35319.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 15, 1997**
Filed Dec. 17, 1997.
 
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Randy G. Brandon, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendant correctional officers in his 42 U.S.C. § 1983 action alleging violations of the First Amendment, the Due Process and Equal Protection Clauses and Oregon state law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal of a complaint as frivolous, and we review de novo the district court's grant of summary judgment. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam).[1]
 
 
 4
 Brandon contends that his due process and equal protection rights were violated when he was terminated from his prison job as an electrician and was not given an apprenticeship. He also contends that defendants retaliated against him for exercising his First Amendment right to redress grievances by failing to give him other jobs he applied for and to respond to his grievances after he initiated this litigation. Finally, he contends that, in voluntarily dismissing his state-court petition for post-conviction relief, he relied to his detriment on defendants' promise of an apprenticeship.
 
 
 5
 Brandon did not have a constitutionally protected liberty or property interest in either his job or the apprenticeship. See Sandin v. Connor, 515 U.S. 472, 486-87 (1995) (liberty interest requires "atypical, significant deprivation" or deprivation that "will inevitably affect duration of sentence"); see also Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985) (no liberty or property interest in vocational training). Accordingly, the district court was within its discretion in dismissing Brandon's due process claims. See Rizzo, 778 F.2d at 529.
 
 
 6
 Also, because Brandon provided no evidence of discriminatory intent, the district court properly granted summary judgment on his equal protection claim. See Washington v. Davis, 426 U.S. 229, 239, 240 (9th Cir.1976).
 
 
 7
 Further, Brandon did not submit evidence to show that retaliation for his pursuit of this litigation was a substantial or motivating factor in defendants' refusal to respond to subsequent related grievances or in his failure to obtain other jobs in the prison. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Accordingly, summary judgment on Brandon's retaliation claim was proper.
 
 
 8
 Finally, because there was no evidence that Brandon's abandonment of his petition for post-conviction relief was reasonably foreseeable or that Brandon had a valid claim for post-conviction relief, Brandon's promissory estoppel claim was properly dismissed. See Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986) (summary judgment mandated where party fails to submit evidence of material element of claim); see also Twin City Fire Ins. Co. v. Philadelphia Life Ins. Co., 795 F.2d 1417, 1430 (9th Cir.1986) (setting forth elements of promissory estoppel under Oregon state law).
 
 
 9
 We have considered Brandon's other claims, and they are without merit.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This district court dismissed under 28 U.S.C § 1915(d). The former section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L.No. 104-135, 110 Stat. 1321 (1996) ("PLRA"). The portion of section 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)