132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene ANDERSON, Plaintiff-Appellant,
v.
Phil STANLEY, Defendant-Appellee.
 No. 97-35436.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gene Daniel Anderson, a Washington state prisoner, appeals pro se the dismissal without prejudice under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) of his 42 U.S.C. § 1983 action challenging his conviction after a plea agreement, and claiming ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a dismissal as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and de novo a dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 Because Anderson's claims necessarily imply the invalidity of his conviction, and Anderson did not allege in his complaint that his conviction had been reversed, expunged, invalidated or impugned, the district court did not err by dismissing Anderson's claims as frivolous and for failure to state a claim. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Trimble, 49 F.3d at 585.[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Anderson's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We grant Anderson's motion to submit evidence of his grievance against his counsel. We deny Anderson's motion for appointment of counsel, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), and for production of transcripts at government expense, see United States v. Connors, 904 F.2d 535, 536 (9th Cir.1990) (per curiam) (indigent prisoner entitled to transcripts on habeas corpus petition)