132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Joseph MATTES, Plaintiff-Appellant,
v.
Craig L. BROWN, Director, California Youth Authority; Greg
Zermeno, Defendants-Appellees.
 No. 97-15785.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-97-00923-FMS; Fern M. Smith, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner John Joseph Mattes appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a dismissal as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we affirm.
 
 
 3
 In his complaint, Mattes alleged that his constitutional rights were violated when he was transferred from a California Youth Authority facility to a California Department of Corrections facility because he was deprived of educational programs, moved further away from his family, and caused stress, depression, and loss of sleep. Inmates, however, have no constitutional right to education or rehabilitation. See Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985). Nor do inmates have a liberty interest in not being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)); Rizzo, 778 F.2d at 530-31. Because a due process claim is cognizable only if there is a recognized liberty or property interest at stake, the district court committed no error by dismissing Mattes' section 1983 action. See 28 U.S.C. § 1915A (1997); Rizzo, 778 F.2d at 530.
 
 
 4
 Because it is clear that Mattes' complaint lacked an arguable basis in law, and thus could not be cured by amendment, we reject his contention that the district court should have allowed him the opportunity to amend his complaint. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Mattes' motion for an extension of time in which to file a request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3