139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony L. BROWN, Plaintiff-Appellant,
v.
Alonzo PATTERSON; David Cooper; Elsabeth Demeska; James
McLain; Daniel Stroeling; Margaret Pugh; Kathy Caroll;
Peggy Brockman; Alex Clark; Melissa Stone; Robert Shafer;
Jeanne Galvano; Defendants-Appellees.
 No. 97-35137.
D.C. No. CV-95-00443-JKS/AHB.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Alaska, James K. Singleton, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony L. Brown, an Alaska state prisoner, appeals pro se the district court's summary judgment for defendant correctional officials, parole board members and drug counselors in his 42 U.S.C. § 1983 action for declaratory and injunctive relief as well as damages alleging violations of the Fourteenth Amendment and the ex post facto clause of the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, and we may affirm on any ground supported by the record. See Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam). We affirm.
 
 
 3
 Brown contends that his civil rights were violated when the parole board denied his request for discretionary parole after considering erroneous information. Because a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continued confinement, Brown's claim must be brought as a petition for a writ of habeas corpus, not under § 1983. See Heck v. Humphrey, 512 U.S. 477, 483-84, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.1997).
 
 
 4
 Accordingly, we construe the district court's summary judgment as a dismissal without prejudice so that Brown may reassert his § 1983 claims if he succeeds in invalidating his continued confinement. See Trimble, 49 F.3d at 585.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3