**Jose CERVANTES, Plaintiff–Appellant,**

v.

**Anthony C. NEWLAND, Warden; et al., Defendants–Appellees.**

No. 00–15398.

D.C. No. CV–96–5691–AWI/LJO.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001 *.

Decided May 30, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jose Cervantes, a California state prisoner, appeals pro se the judgment entered after a jury trial on his excessive force claim and the sua sponte dismissal of his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

retaliation and due process claims in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order dismissing claims pursuant to 28 U.S.C. § 1915A. *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, vacate in part, and remand.

■ The district court properly dismissed Cervantes' retaliation claims because Cervantes failed to allege that his punitive segregation did not advance any legitimate penological interests. *See Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir. 1985).

■ Because Cervantes' due process claim is based on allegations that, if proved, would necessarily affect the length of his incarceration, the district court correctly determined the claim is not cognizable under 42 U.S.C. § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Accordingly, we vacate the judgment as to this claim and remand for reentry of judgment by the district court dismissing this claim without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

We are unable to review Cervantes' contentions regarding the jury verdict because Cervantes failed to provide the trial transcript in violation of Fed. R.App. P. 10(b)(2). *See Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991).

Cervantes' remaining contentions lack merit.

We deny appellee's request for attorney's fees made pursuant to 42 U.S.C. § 1988.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.