NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL BANKS, Jr., | No. 10-15970 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02424-RCJ-LRL |
| v. | |
| CLARK COUNTY NEVADA, a governmental body or entity, PHILIP J. KOHN, individually and also the agency or office itself of CLARK COUNTY PUBLIC DEFENDER; TIERRA D. JONES, individually and as a Deputy Clark County Public Defender; LAS VEGAS JUSTICE COURT; and Doe Individuals or Administrators 1-10, Roe Entities 1-10, and Roe Institutions and Agencies 11-20, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

_____

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted December 9, 2011[]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.[***]

Nathaniel Banks appeals the district court's dismissal of his amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The complaint alleged 42 U.S.C. § 1983 and state law claims against various Nevada government defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To recover for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Banks' § 1983 claims allege actions that, if true, would necessarily invalidate his conviction. But his conviction has not been overturned, expunged, or declared invalid. For this reason, Banks's § 1983 claims must be dismissed under *Heck*.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

Banks cites several cases as exceptions to *Heck*'s favorable termination requirement, but his arguments are unconvincing. This case is closely analogous to our decision in *Guerrero v. Gates*, where we stated that the § 1983 plaintiff "cannot now use his failure timely to pursue habeas remedies as a shield against the implications of *Heck*." 442 F.3d 697, 705 (9th Cir. 2006) (internal quotation marks omitted). Banks similarly cannot use his failure to timely appeal his conviction as a shield against *Heck*. Banks' state law claims were also properly dismissed because they implied the invalidity of his conviction.[1]

Banks also appeals the denial of a motion for judicial notice of an administrative order. The order proffers irrelevant factual evidence on a motion which tests only the sufficiency of the allegations of the amended complaint. The district court's denial of the motion for judicial notice is affirmed.

**AFFIRMED.**

---

[1]      Dismissals pursuant to *Heck* must be without prejudice to give the plaintiff the opportunity to re-file should he succeed in invalidating his conviction or sentence. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).