**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SABIN BARENDT,<br><br>              Plaintiff - Appellant,<br><br>    v.<br><br>JIM GIBBONS; et al.,<br><br>              Defendants - Appellees. | No. 10-15954<br><br>D.C. No. 3:08-cv-00161-LRH-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Sabin Barendt, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c et seq. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 878, 883 (9th Cir. 2008). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We affirm.

The district court properly granted summary judgment on Barendt's RLUIPA claim relating to other inmates' ability to participate with Barendt in a candle-lighting service, because he failed to introduce evidence that this limited restriction on a group religious service substantially burdened his ability to exercise his religion. *See* 42 U.S.C. § 2000cc-1(a)(1)-(2); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (prisoner has initial burden to demonstrate that prison policies constitute a substantial burden on the exercise of his religious beliefs); *id.* at 996 (prison policy imposes substantial burden when it "intentionally puts significant pressure on inmates . . . to abandon their religious beliefs").

Insofar as Barendt's complaint can be construed as seeking damages for temporarily restricting Barendt from participating in the candle-lighting service at the appropriate time, summary judgment was proper because defendants would be entitled to sovereign and qualified immunity. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011) ("States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA"); *Pearson v. Callahan*, 555 U.S. 223, 243 (2009) (state officers entitled to qualified

immunity if their actions do not violate clearly established law); *see also Warsoldier*, 418 F.3d at 997 n.7 ("There exists little Ninth Circuit authority construing RLUIPA.").

To the extent that Barendt sought the disgorgement of federal funds for any alleged RLUIPA violations, the district court properly determined that granting such relief would not be likely to redress his alleged injury. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (party invoking federal jurisdiction must establish the "likelihood that the requested relief will redress the alleged injury").

Barendt's appeal of the denial of his motion for preliminary injunctive relief is moot. *See Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Barendt's remaining contentions are unpersuasive.

**AFFIRMED.**