**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON BLACHER,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>S. JOHNSON, Chief Deputy Warden;<br>R. DAVIS, Appeals Examiner,<br><br>　　　　Defendants - Appellees. | No. 12-17193<br><br>D.C. No. 1:12-cv-01159-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted April 16, 2013[***]

Before:　　CANBY, IKUTA, and WATFORD, Circuit Judges.

　　California state prisoner Marlon Blacher appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　Blacher consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

　　[***]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations arising out of prison strip searches. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We affirm in part, reverse in part, and remand.

The district court properly dismissed Blacher's claim of sexual harassment because the Eighth Amendment's protections do not extend to mere verbal sexual harassment. *See Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (gawking, pointing, and joking do not violate the prohibition against cruel and unusual punishment).

Dismissal of the action against defendant Davis was proper because Blacher failed to link Davis to any alleged violations. *See Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (to bring a § 1983 claim, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's constitutional rights).

However, the district court erroneously dismissed Blacher's claim against defendant Chief Deputy Warden Johnson alleging an unreasonable search because

the allegations in the amended complaint, liberally construed, were "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). The scope of the intrusions alleged by Blacher exceeds searches this court has previously sanctioned. *See, e.g.*, *Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988) (strip searches that involve female guards' infrequent or casual observation of nude male prisoners, or observation at a distance do not unreasonably infringe upon prisoners' privacy rights provided there is a legitimate reason underlying the observation); *see also* *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth requirements for supervisory liability).

Accordingly, we remand with instructions for the district court to order the United States Marshal to serve the amended complaint upon defendant Johnson.

**AFFIRMED in part; REVERSED in part; and REMANDED.**