**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIMITAR DERMENDZIEV, | No. 14-35012 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00205-MJP |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Washington state prisoner Dimitar Dermendziev appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims

related to an investigation by Child Protective Services and his subsequent criminal

conviction and incarceration.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm in part, vacate in part, and remand.

The district court properly dismissed without prejudice Dermendziev's claims relating to his conditions of confinement at Coyote Ridge Corrections Center because venue was not proper in the Western District of Washington.  *See* 28 U.S.C. §§ 1391(b), 1406(a); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001) (setting forth standard of review).

The district court properly dismissed as *Heck*-barred Counts 1 and 2 of Dermendziev's complaint because success on these claims would necessarily imply the invalidity of his conviction, and Dermendziev failed to allege that his conviction has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

14-35012

habeas corpus"). However, because the district court dismissed these claims with prejudice, we vacate the judgment as to these claims, and remand for entry of dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (dismissals under *Heck* are without prejudice).

The district court did not abuse its discretion by dismissing Dermendziev's complaint without leave to amend because Dermendziev sought to add new claims based on unrelated facts against new defendants at another prison. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (setting forth standard of review).

We reject Dermendziev's contentions regarding his immunity from liability, his alleged third-party standing rights to assert claims on behalf of his family, and the district court's alleged failure to consider his anti-SLAPP motion or to stay the proceedings.

**AFFIRMED in part, VACATED in part, and REMANDED.**