**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBIN GILLEN STARR,

               Plaintiff - Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

               Defendant - Appellee.

No. 14-15957

D.C. No. 1:11-cv-02108-AWI-
GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

    California state prisoner Robin Gillen Starr appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims related to his sentencing and incarceration.  We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm in part, vacate in part, and remand.

To the extent that Starr seeks release from prison, or modification or commutation of his sentence, dismissal was proper because his "exclusive remedy is a writ of habeas corpus."  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam); *see also Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 681-82 (9th Cir. 1984) ("If a prisoner seeks both release from confinement and damages or injunctive relief in an action under § 1983, the court may properly dismiss the former claim while retaining the latter.").  However, because the district court dismissed the action with prejudice, we vacate the judgment and remand with instructions for the district court to dismiss these claims without prejudice.  *See Trimble*, 49 F.3d at 586.

To the extent that Starr raised due process and equal protection claims in connection with events that occurred in prison, the district court properly dismissed these claims because Starr failed to allege facts sufficient to state cognizable claims for relief.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual

14-15957

allegations sufficient to state a plausible claim for relief); *see also Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim); *Barren*, 152 F.3d at 1194-95 (listing elements of an equal protection claim).

We do not consider Starr's claim regarding the denial of an opportunity to question witnesses because Starr failed to raise such a claim in his operative first amended complaint. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008).

Any motions and requests set forth in Starr's opening brief are denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**