**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWARD RONJE,

                Plaintiff-Appellant,

v.

AUDREY KING; et al.,

                Defendants-Appellees.

No. 15-16125

D.C. No. 1:14-cv-01589-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Edward Ronje, who is civilly committed in California, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action arising from

his confinement under California's Sexually Violent Predators Act ("SVPA"). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2)(B)(ii). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm in part, vacate in part, and remand.

The district court properly dismissed Ronje's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success in Ronje's action would necessarily demonstrate the invalidity of his SVPA civil commitment, and Ronje failed to allege facts sufficient to show that his commitment under the 2009 protocol had been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)); *Huftile*, 410 F.3d at 1139-41 (applying *Heck* to SVPA civil commitment). However, we vacate the judgment to the extent that it dismissed the action with prejudice, and remand for entry of dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*Heck* dismissals are without prejudice).

The district court did not abuse its discretion by denying leave to amend after concluding that amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a court may deny leave to amend when it would be futile).

**AFFIRMED in part, VACATED in part, and REMANDED.**

15-16125