NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAY MEDINA,

Plaintiff-Appellant,

v.

B. MORRIS, Facility Captain at RJD; et al.,

Defendants-Appellees.

No. 15-55787

D.C. No. 3:09-cv-00169-JAH-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Ray Medina, a California state prisoner, appeals pro se from the district

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action

alleging due process, deliberate indifference to safety, and retaliation claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, reverse in part, and remand.

To the extent that success on Medina's due process claim stemming from his 2008 disciplinary hearing would necessarily imply the invalidity of his disciplinary conviction, Medina's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because Medina failed to allege facts demonstrating that his disciplinary sentence has been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (challenge to loss of good-time credits not cognizable under § 1983). To the extent that success on Medina's due process claim would not necessarily imply the invalidity of his disciplinary conviction, the district court properly dismissed this claim because Medina failed to allege facts sufficient to show that he was denied any procedural protections that were due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings). Because dismissals under *Heck* should be without prejudice, we vacate the judgment to the extent that it dismissed a *Heck*-barred claim with prejudice and remand for entry of dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

2                                                                    15-55787

To the extent that Medina's due process claim was based on his 2007 placement in administrative segregation, dismissal was proper because Medina failed to allege facts sufficient to show a due process violation. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (requirements for placement in administrative segregation), *abrogated in part on other grounds by Sandin*, 515 U.S. 472.

The district court properly granted summary judgment on Medina's deliberate indifference claim because Medina failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Medina's safety by placing Medina in a cell with inmate Dale. *See Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (setting forth elements of a claim against prison officials for failure-to-protect inmates from violence by other inmates).

The district court properly granted summary judgment for defendants Marrero, Morris, Cortez, Franco, Glover, Gonzales, and Payne on Medina's retaliation claim because Medina failed to raise a genuine dispute of material fact as to whether these defendants acted with a retaliatory motive or whether there was

an absence of a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (citation and internal quotation marks omitted)); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court properly granted summary judgment for defendant Brown on Medina's retaliation claim arising from searches, a rules violation report, and placement in administrative segregation because Medina failed to raise a genuine dispute of material fact as to whether Brown acted with a retaliatory motive or lacked a legitimate correctional goal. *See Brodheim*, 584 F.3d at 1271; *Pratt*, 65 F.3d at 806.

However, summary judgment for Brown was improper on Medina's claim arising from an inmate attack. The district court considered whether Brown retaliated against Medina based on Medina's filing of a religious grievance, but Medina also contends that Brown retaliated against him in response to a staff complaint. Medina submitted evidence that Brown told him that if Medina filed a

4                                                                                                      15-55787

staff complaint "you will regret it," and later told Medina, after Medina was attacked by another inmate, "I told you to drop your appeal(s)." Accordingly, Medina raised a genuine dispute of material fact regarding this retaliation claim against Brown. *See Brodheim*, 584 F.3d at 1269 (elements of retaliation claim). Therefore, we remand for further proceedings on the claim that Brown retaliated by arranging an inmate attack.

The district court did not abuse its discretion in denying Medina's motions for appointment of counsel because Medina failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel). In light of the remand, the district court should reevaluate whether counsel should be appointed.

Medina's requests for counsel on appeal and for the case to be remanded to new judges, set forth in the opening brief, are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, REVERSED in part, and REMANDED.**