NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. MILLER, | No. 16-16745 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-00128-MMD |
| v. | |
| DAVID EVERETT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Nevada state prisoner Mark A. Miller appeals pro se from the district court's

order denying his motion for a preliminary injunction. We have jurisdiction under

28 U.S.C. § 1292(a). We review for an abuse of discretion. *Planned Parenthood*

*Arizona, Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014). We may affirm on any

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion in denying Miller's request for injunctive relief after concluding that, on the record before it, Miller did not establish a likelihood that he would succeed on his medical deliberate indifference claim. *See Planned Parenthood Arizona, Inc.*, 753 F.3d at 911 (plaintiff seeking a preliminary injunction must establish, among other things, that he is likely to succeed on the merits); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion regarding the course of treatment is not sufficient to establish deliberate indifference).

Miller was not entitled to injunctive relief regarding his retaliation claim because, on the record presented to the district court, he did not establish a likelihood that he would succeed on that claim. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of retaliation claim in prison context).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16745