NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARL JOSEPH RUSSELL, | No. 18-55971 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02280-BAS-KSC |
| v. | |
| RICHARD LOPEZ, Correctional Officer, CDCR-RJDCF, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Karl Joseph Russell appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging the use of

excessive force in violation of the Eighth Amendment. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for failure to exhaust administrative remedies because Russell did not exhaust his administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits") (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are effectively unavailable). Because a judgment on the basis of a failure to exhaust administrative remedies should be without prejudice, we remand to the district court with instructions to enter judgment without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Because we affirm on the administrative exhaustion ground, we do not consider the merits of the district court's alternate ground for dismissing the action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A dismissal under *Heck*, however, should also be without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Russell's motion to "attach supplemental brief with opening brief" (Docket

Entry No. 20) is granted.  The Clerk shall file the supplemental brief received at Docket Entry No. 19.

Lopez's motion to strike exhibits to Russell's reply brief (Docket Entry 30) is granted.  *See* Fed. R. App. P. 10(a); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").  The Clerk shall strike the exhibits attached to Docket Entry No. 29.

**AFFIRMED with instructions to enter judgment without prejudice.**