**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES F. SNYDER, | No.    18-36055 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00352-SU |
| v. | |
| CLAYTON STEVENS, Senior Trooper; Oregon State Police, in his individual capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Patricia Sullivan, Magistrate Judge, Presiding[**]

Submitted November 18, 2019[***]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

James F. Snyder appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging a violation of his Fourteenth Amendment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

procedural due process rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm and remand with instructions.

The district court properly granted summary judgment for defendant because success on Snyder's § 1983 claim for monetary damages would "necessarily imply the invalidity of his [prior] conviction" for disorderly conduct and is therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (claims relying on an alleged *Brady v. Maryland*, 373 U.S. 83 (1963), violation are "outside the province of § 1983" under *Heck*); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1192 n.12 (9th Cir. 2015) (*Heck* bars convictions that were not directly appealed, even where habeas was "effectively unavailable").  In light of the fact that Snyder's suit is barred by *Heck*, it was unnecessary for the district court to reach the merits.

Dismissal should be without prejudice, however, so that Snyder can "reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).  We therefore remand with instructions that the district court enter judgment without prejudice.

**AFFIRMED; REMANDED with instructions.**