**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY K. ANDERSON,

Plaintiff-Appellant,

v.

STATE OF NEVADA; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Defendants-Appellees.

No. 22-16856

D.C. No. 2:22-cv-00734-GMN-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 17, 2023**

Before: CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Nevada state prisoner Anthony K. Anderson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm in part, vacate in part, and remand.

The district court properly dismissed Anderson's action as *Heck*-barred because success on his claims would necessarily imply the invalidity of his conviction or sentence, and Anderson has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("[P]risoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding." (citations omitted)). We affirm the dismissal, but remand to the district court with instructions to amend the judgment to reflect that the dismissal is without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

Based upon Anderson's litigation history, the magistrate judge recommended that Anderson be ordered to show cause why he should not be deemed a vexatious litigant. Rather than issue an order to show cause, the district court declared Anderson a vexatious litigant and entered a pre-filing review order against him. We vacate the district court's November 23, 2022 order to the extent that it deems Anderson a vexatious litigant and imposes a pre-filing restriction, and

remand to the district court to give Anderson an opportunity to show cause why he should not be declared a vexatious litigant. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (setting forth standard of review and requirements for pre-filing review orders).

Anderson's motion for injunctive relief (Docket Entry No. 3) and motion for appointment of pro bono counsel (Docket Entry No. 4) are denied.

**AFFIRMED in part; VACATED in part; and REMANDED with instructions to amend the judgment.**